UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SHARON DICICCO,<br><br>   Plaintiff,<br><br>   v.<br><br>FEDERAL EMERGENCY MANAGEMENT AGENCY (FEMA),<br><br>   Defendant. | Civ. Action No. 14-3715 (RMB/JS)<br><br>**MEMORANDUM ORDER** |

**Bumb**, United States District Judge:

  Plaintiff Sharon DiCicco ("Plaintiff"), who appears pro se, filed her Complaint against the Federal Emergency Management Agency (FEMA) ("Defendant") in this Court on June 10, 2014. As best this Court can determine, the Complaint alleges that on February 1, 2013, Plaintiff entered into a residential lease agreement with an individual known as Lawanda Morris, who had been displaced as a result of Hurricane Sandy.

  The Complaint alleges that Plaintiff entered into this lease agreement "based on good references from FEMA, which promised [Morris] and indirectly to Plaintiff, that the agency would cover the rent for the emergency housing." Compl. p. 3, ¶ III [Docket No. 1].

  The Complaint further alleges that at some point Morris fell behind on her rent ($950.00 per month and $30.00 for water charges), and that Morris told Plaintiff "that she did not receive yet the

1

payments from FEMA." Id.  According to the Complaint, FEMA promised to wire money to Morris.  The Complaint states that as of May 1, 2014, the outstanding rent was $9,700.00; the Complaint further alleges that "Plaintiff also suffered emotional, physical stress during the time of tenancy and the failure from the agency to pay for [Morris's] emergency housing."  Compl. p. 3, ¶¶ III.C, IV [Docket No. 1].  As relief, the Plaintiff asks this Court "to order FEMA to pay the outstanding balance of the unpaid rent to Plaintiff along with a reasonable amount for damages that Plaintiff suffered from the Defendants . . . ." Id. at p. 4, ¶ V  The Complaint seeks to invoke the Court's subject matter jurisdiction under the False Claims Act ("FCA"), 31 U.S.C. § 3729 et seq., and the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-80. Id. at p., 2 ¶ II.B.

FEMA now files the instant motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6).  First, FEMA contends that any claim under the FTCA is foreclosed by Plaintiff's failure to file the prerequisite administrative tort claim with FEMA before commencing this lawsuit.  Second, FEMA argues that the Complaint fails to state a claim against FEMA under the FCA, and the FCA provides no waiver of FEMA's sovereign immunity.

It is long and well-established that federal governmental entities – the United States itself, its agencies, instrumentalities, officials and employees – are immune from suit except as Congress,

2

by statute, has expressly consented to the action.  Further, the precise terms of that Congressional consent define any court's jurisdiction to entertain an action brought under the applicable federal statute.  See, e.g., Federal Aviation Admin. v. Cooper, 132 S.Ct. 1441, 1448 (2012); Orff v. United States, 545 U.S. 596, 601-02 (2005).

In her Complaint, Plaintiff cites the FTCA, 28 U.S.C. §§ 1346(b), 2671-80, as a basis for this Court's subject matter jurisdiction.  The FTCA, however, is a limited, qualified waiver of the United States' sovereign immunity.  Millbrook v. United States, 133 S.Ct. 1441, 1443 (2013).  The FTCA permits an action against the United States itself for the alleged wrongful acts or omissions of federal employees acting within the scope of their employment.  F.D.I.C. v. Meyer, 510 U.S. 471-76 (1994).  Suit against the United States under the FTCA provides the exclusive remedy for claims of injury or loss of property or personal injury arising from the alleged negligent conduct of federal employees.  28 U.S.C. § 2679(b)(1).

Under the FTCA, a claimant must file a proper administrative claim with the responsible federal agency before instituting suit.  Because the FTCA is a conditional waiver of sovereign immunity, this statutory requirement is jurisdictional and cannot be waived by representatives of the federal government.  See, e.g., White-Squire v. United States Postal Service, 592 F.3d 453, 457,

458 (3d Cir. 2010); <u>Lightfoot v. United States</u>, 564 F.3d 625, 626-27 (3d Cir. 2009).

    FEMA has introduced an affidavit of Kevin Yusman, who declares that he searched the FTCA system of records and found no record regarding any claim filed by Plaintiff.  In response to FEMA's motion to dismiss, Plaintiff submitted an unsworn "reply" in which she stated that "[p]rior to the commencement of this action the Plaintiff filed by the Agency through Phone Calls and Written Complaint in this matter."  [Docket No. 9, at 1].  Yet, Plaintiff failed to attach such complaint she allegedly filed with FEMA.  She must do more than provide an unsworn statement that she filed a complaint.  The statute is clear that a plaintiff must exhaust administrative remedies before invocation of the judicial process.  <u>McNeil v. United States</u>, 508 U.S. 106, 112 (1993); <u>see</u> <u>also</u> <u>Robel v. D'Emilia</u>, No. 12-0716, 2012 WL 3066579, at *2-3 (D.N.J. July 2012).

    Accordingly, this Court holds that because Plaintiff failed to file an administrative tort claim with FEMA prior to the commencement of this case, the Complaint must be dismissed for lack of subject matter jurisdiction.

    To the extent Plaintiff asserts a claim under the FCA, such claim fails as a matter of law for the reasons set forth in Defendant's brief.

    The Court recognizes that Plaintiff is appearing <u>pro</u> <u>se</u> and may not have realized she should have provided proof that she

exhausted her administrative remedies.  To the extent Plaintiff did exhaust her administrative claim with FEMA, she shall have thirty days to file such proof with the Court at which time this Court will reopen the matter for further adjudication.

Accordingly, for the foregoing reasons, Defendant's motion to dismiss is **GRANTED** and the Complaint is dismissed without prejudice for lack of subject matter jurisdiction.

s/Renée Marie Bumb<br>
RENÉE MARIE BUMB<br>
United States District Judge

Dated: February 25, 2015